RECEIVED
SEP 26 2012
U.S. DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA
BATON ROUGE DIVISION

United States District Court
Middle District of Louisiana

FILED

September 26, 2012

KAREN WILCOX,
    PETITIONER

VERSUS                                   DIVISION_____

WARDEN, LOUISIANA CORRECTIONAL
INSTITUTION FOR WOMEN
    RESPONDANT

## WRIT OF HABEAS CORPUS
## UNDER 28 U.S.C. § 2254

ON APPEAL FROM
THE LOUISIANA SUPREME COURT
NO. **2012-KIH-0115**

COURT OF APPEAL, FIRST CIRCUIT
NUMBER: **2001-KW-1941**

ON APPEAL FROM
STATE OF LOUISIANA
VERSUS
KAREN L. WILCOX
CRIMINAL DOCKET NO: 32880
PARISH OF ST. TAMMANY
TWENTY-SECOND JUDICIAL DISTRICT COURT
THE HONORABLE PETER J. GARCIA, SECTION "D"

THE HONORABLE WALTER P. REED
DISTRICT ATTORNEY FOR THE
PARISH OF ST. TAMMANY
TWENTY-SECOND JUDICIAL DISTRICT COURT

*Louisiana Correctional*
*Institute for Women*
*Post Office Box 26*
*St. Gabriel, LA 70776*

# TABLE OF CONTENTS

## UNITED STATES CONSTITUTION

United States Constitution Fourth Amendments .................................................. 3, 10

United States Constitution Sixth Amendments ......................................................... 3

United States Constitution Eighth Amendments .................................................... 3, 4

United States Constitution Fourteenth Amendments ............................................. 3, 4

## LOUISIANA CONSTITUTION

Louisiana Constitution Article 1, § 2 ..................................................................... 3, 4

Louisiana Constitution Article 1, § 19 ................................................................ 3, 4, 8

Louisiana Constitution Article 1, § 22 .................................................................... 3, 4

Louisiana Constitution Article 7 § 10 (1921) ............................................................. 5

Louisiana Constitution Article 5 § 5(D)(2)(1974) ....................................................... 5

Louisiana Constitution Article 1, § 5 ......................................................................... 9

## FEDERAL JURISPRUDENCE

28 U.S.C. § 2254 ........................................................................................................ 2

## LOUISIANA CRIMIAL CODE

Louisiana Criminal Code of Procedure Art. 930.8 ................................................. 1, 2

Louisiana Criminal Code of Procedure Art. 843 ........................................................ 4

Louisiana Criminal Code of Procedure Art. 929 ........................................................ 7

Louisiana Criminal Code of Procedure Art. 703 ........................................................ 9

## **REVISED STATUATES**

LSA-R.S. 40:967(A)1 .................................................................................... 1, 8, 15

LSA-R.S. 40:968C .......................................................................................... 1, 8, 16

LSA-R.S. 40:1238.1 ....................................................................................... 1, 8, 15

LSA-R.S. 15:529.1 ................................................................................................... 8

LSA-R.S. 40:1237(3) ............................................................................................. 15

LSA-R.S. 40:967 .................................................................................................... 15

LSA-R.S. 40:1238.1 ............................................................................................... 15

LSA-R.S. 40:968C ................................................................................................. 16

LSA-R.S. 40:978 .................................................................................................... 16

LSA-R.S. 40:1239 .................................................................................................. 16

LSA-R.S. 15:529.1 ................................................................................................. 16

LSA-R.S. 40:967(A)(1) .......................................................................................... 18

## **CASE LAW**

*State v. Ford*, (La. 1976) 338 So.2d 107, 108-109. ............................................ 4, 6

*United States v. Selva*, 559 F.2d 1303, 1977 U.S.App. LEXIS 11368 (9/28/77) ..... 5

*United States v. Upshaw*, 448 F.2d 1218, 1223 (5th Cir. 1971) ................................ 5

*Calhoun v. United States*, 384 F.2d 180, 183 (5th Cir. 1967) .................................. 5

*Hardy v. United States*, 375 U.S. 277, 84 S. Ct. 424, 11 L. Ed. 2d 331 (1964) ....... 5

*United States v. Long*, 419 F.2d 91 (5th Cir. 1969) ................................................. 5

*Addison v. United States*, 317 F.2d 808 (5th Cir. 1963) .................................................. 5

*Strauss v. United States*, 311 F.2d 926 (5th Cir. 1963) .................................................. 5

*United States v. Gregory*, 472 F.2d 484 (5th Cir. 1973) (dicta) .................................... 6

*United States v. Upshaw*, supra at 1222-1224 .............................................................. 6

*United States v. Garcia-Bonifascio*, 443 F.2d 914 (5th Cir. 1971) ............................. 6

*United States v. Rosa*, 434 F.2d 964 (5th Cir. 1970) .................................................... 6

*United States v. Atilus*, 425 F.2d 816 (5th Cir. 1970) .................................................. 6

*Stephens v. United States*, 289 F.2d 308 (5th Cir. 1961) ............................................. 6

*Griffin v. Illinios*, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956) ........................... 7

*State ex rel. Bernard v. Criminal District Court*, supra .............................................. 7

*State v. Frank*, (La. 2001) 803 So.2d 1 ......................................................................... 8

*State v. Gibbens*, 562 So.2d 457 (La. App. 3rd Cir. 1990) ........................................... 8

*State v. Tucker*, La. 92-2093, 626 So.2d 707, 1993 La. LEXIS 3703 (La. May 24 1993) reaffirmed by 626 So.2d 720, 1993 La. LEXIS 2925 (La. 1993) .................... 9

*Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971) ...10

*Vale v. Louisiana*, 399 U.S. 30, 90 S.Ct. 1969, 26 L.Ed.2d 409 (1970) ..................... 10

*Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969) ............. 10

*Wong Sun v. United States*, 371 U.S. 471, 487, 83 S. Ct. 407, 417, 9 L. Ed. 2d 441 (1963) ............................................................................................................................. 10

*State v. Gant*, 357 So.2d 513 (La. 1978) ..................................................................... 12

*State v. Jewell*, 338 So.2d 633 (La. 1976) ................................................................... 12

*Arizona v. Gant*, 129 S.Ct. 1710, 173 L.Ed.2d 485, 77 USLW 4285 ..................... 12

*Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)15

*State v. Washington*, 491 So.2d 1337, 1339 (La. 1986)......................................... 15

*State v. Duncan*, 15 So. 3d 1171, 2009 La.App. LEXIS 1284 (La.App. 4 Cir. 2009), writ denied by 28 So. 3d 1025, 2010 La. LEXIS 618 (La. 2010) ............... 18

# UNITED STATES DISTRICT COURT

# FOR THE MIDDLE DISTRICT OF LOUISIANA

# BATON ROUGE DIVISION

**KAREN WILCOX,**
**PETITIONER**

**VERSUS**                                                      DIVISION_____

**WARDEN, LOUISIANA CORRECTIONAL**
**INSTITUTION FOR WOMEN**
**RESPONDANT**

## PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2254

## BY A PERSON IN STATE CUSTODY

**NOW INTO COURT,** comes petitioner Karen Wilcox, who hereby submits this petition for a writ of habeas corpus under **28 U.S.C. § 2254** on the grounds, set forth in more detail below, that she is in the custody of the State of Louisiana, pursuant to the convictions for second-degree murder and sentence to life, in violation of the Constitution and laws of the United States.

## INFORMATION REQUESTED IN MODEL FORM FOR USE IN APPLICATIONS FOR HABEAS CORPUS UNDER 28 U.S.C. § 2254

1. The name and address of your present place of confinement: <u>The Louisiana Correctional Institute For Women, St. Gabriel, Louisiana 70776</u>

2. Are you presently in custody pursuant to the conviction(s) or sentence(s) that you seek to challenge here? <u>Yes</u>

1

3. With regard to the conviction(s) or sentence(s) you are attacking state:

a. The name, address, and parish of the court entering the judgment of conviction: Twenty-Second Judicial District Court, Parish of St. Tammany, 701 N. Columbia Street, Covington, Louisiana, 70433.
b. Date of judgment of conviction: April 1, 20009
c. The length of your sentence: twenty-years
d. The nature of offense: Distribution of cocaine; Possession of Hydrocodone; possession of Soma; possession of Zoloft
e. Plea: Not guilty
f. Kind of trial: Jury Trial
g. Did petitioner testify at trial: No

4. Statute of Limitations - This application should not be barred by the one-year period of limitation unless this Honorable Court denies her equitable tolling. Petitioner is within the one-year period limitation.

5. Grounds For Present Petition

**Claim No. 1**
Wilcox's rights were violated when the trial court continuously denied her request for a copy of the complete transcripts denied her rights to judicial review, due process equal protection clause, and appropriate punishment due to the incompleteness of the record of her case which is guaranteed by the Fourth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and Article 1, § 2, 19, and 22 of the Louisiana Constitution.

**Claim No. 2**
The trial court erred in denying the motion to suppress the evidence, which was discovered pursuant to a search of the defendant's vehicle, where the Defendant had already been removed from the vehicle and secured prior to the search being undertaken.

**Claim No. 3**
The evidence was insufficient to convict defendant of possession of Zoloft without a valid prescription, where the Zoloft pills were found in a prescription bottle with Wilcox's name on it with a prescription for this drug.

**Claim No. 4**
The trial court erred in giving an erroneous and misleading jury charge on count 3, possession of Hydrocodone, where the charge stated that proof of mere possession of the drug was sufficient to convict and did not qualify that it was not illegal to possess this drug if it had been obtained pursuant to a valid prescription.

2

**Claim No. 5**
Whether the trial court erred in allowing the prosecution to multiple bill and/or apply the habitual offender statute in sentencing Karen Wilcox.

**Claim 6**
Whether Karen Wilcox was denied her right to effective assistance of counsel at trial as guaranteed by the Six and Fourteen Amendments of the United States Constitution and guaranteed by Article 1 Section 13 of the 1974 constitution.
Trial counsel and counsel thereafter is in violation of Wilcox's Sixth and Fourteenth Amendments and Louisiana Constitution Article 1 § 2 § 13 and 14.

6. Direct Appeals

a. Did petitioner file a direct appeal from the judgment of conviction(s): <u>Yes</u>
b. Direct Appeal Information:

    i.    The name and address of the court: The Court of Appeal, First Circuit, P.O. Box 4408, Baton Rouge, LA 70802
    ii.    The result of the appeal: <u>Writ Denied</u>
    iii.    Date of the decision: <u>9/3/2010</u>
    iv.    The citation and/or docket number of the decision: State of Louisiana vs. Karen Wilcox, 2009 KA 1073, (La. App. 1st Cir. 12/23/09) No Designated for Publication; 44 So.3d 693, 2010 La. LEXIS 1890, No. 2010-KO0173 (La. September 3, 2010); State of Louisiana vs. Karen Wilcox, (La. App. 1st Cir. 12/29/11).
    v.    The grounds raised in your present habeas petition that were raised in this direct appeal.
        Procedural Defect in the proceedings
        Insufficiency of Evidence

c. Appeal the direct appeal to a higher court:
    i.    The name and address of the court: <u>Louisiana Supreme Court, 400 Royal Street, New Orleans, LA 70130-2104</u>
    ii.    The result of the appeal: <u>Denied</u>
    iii.    Date of the decision: <u>8/22/2012</u>
    iv.    The citation and/or docket number of the decision: State Ex Rel. Karen L. Wilcox vs. State of Louisiana, No. 2012-KH-0115
    v.    The grounds raised in your present habeas petition that were raised in this earlier application for review: <u>Same as 6b above.</u>

3

d. If you filed a petition for certiorari in the U.S. Supreme Court, please answer the following with respect to each such petition: Petitioner did not file a petition to the U.S. Supreme Court.

7. Post-Conviction or other Collateral Review
a. Has petitioner previously filed any petitions, applications, or motions with respect to her judgment of conviction or sentence in the state court? Yes
b. If so, give the following information:
  i. The name and address of the court: Twenty-Second Judicial District Court, St. Tammany Parish, 701 N. Columbia, Covington, Louisiana, 70433
  ii. The nature of the proceeding: Application for Post Conviction Relief
  iii. The date it was filed: 4/20/2009
  iv. The grounds raised in petitioner's present habeas petition that were raised:

6. Whether the cumulation of error in this case renders petitioner's convictions unconstitutional?

  v. Did petitioner receive an evidentiary hearing: Yes
  vi. The result: Denied
  vii. Did petitioner appeal or file an application for review to higher state courts having jurisdiction? Yes
  viii. If not, briefly explain why you did not.
  ix. If so, name the court(s) to which you applied, the date of the final result in each court, and the result in each court: Court of Appeal, First Circuit Court, P.O. Box 4408, Baton Rouge, LA 70821; The Louisiana Supreme Court, 400 Royal Street, Ste. 4200, New Orleans, LA

8. Exhaustion of State Remedies
All claims have been exhausted in the highest court in the State of Louisiana.

9. Prior Federal Habeas Petition
Petitioner has not filed any other petition in any federal court.

10. Other Pending Actions
Do you have any petition or appeal now pending in any court, either state or federal, as the judgment you are attempting to attack here? No

11. Attorneys Representing Petitioner
a. Preliminary hearing: <u>Marion Farmer</u>
b. Arraignment and plea: <u>Same as 11a</u>
c. Trial: <u>Same as 11a</u>
d. Sentencing: <u>Same as 11a</u>
e. Appeal: <u>Mary E. Roper</u>
f. Post-Conviction Proceeding: <u>Pro Se</u>
g. Appeal from adverse ruling in a post-conviction proceeding: <u>Pro Se</u>

12. Other sentences
a. Were you sentenced for more than one offense in the same court and at the same time? <u>No</u>
b. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack? <u>No</u>
   i. If so, give the name and location of the court, which imposed the sentence to be served in the future. <u>N/A</u>

Wherefore, petitioner prays that the Court grant petitioner relief to which she may be entitled in this proceeding.

_____
Signature of Petitioner